United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL L. OVERTON,

       Plaintiff,

v.

WARDEN, C.M.C,

       Defendant.

_____ /

No. C 12-0180 WHA (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. 1983.  For the reasons discussed below, the complaint is **DISMISSED** for failure to state a cognizable claim for relief.

## ANALYSIS

**A.**    **STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

United States District Court
For the Northern District of California

1   (9th Cir. 1990).

2       Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

3   claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

4   statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds

5   upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).

6   Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a

7   plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than

8   labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

9   do. . . .  Factual allegations must be enough to raise a right to relief above the speculative

10  level."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A

11  complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.*

12  at 1974.

13      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

14  (1) that a right secured by the Constitution or laws of the United States was violated, and (2)

15  that the alleged deprivation was committed by a person acting under the color of state law.

16  *West v. Atkins*, 487 U.S. 42, 48 (1988).

17  **B.   LEGAL CLAIMS**

18      In his complaint, Plaintiff asks for a typewriter and a cell phone in his cell.  There is no

19  constitutional right to the use of a typewriter, however.  *Lindquist v. Idaho State Bd. of*

20  *Corrections*, 776 F.2d 851, 858 (9th Cir. 1985).  There is also no constitutional right to have a

21  cell phone.  While prisoners have a First Amendment right to communicate with persons

22  outside prison walls, access to a telephone, which plaintiff indicates he has, is a sufficient

23  means of honoring that right.  *See Valdez v. Rosenbaum*, 302 F.3d 1039, 1048 (9th Cir. 2002);

24  *see also Halvorsen v. Baird*, 146 F.3d 680, 689 (9th Cir. 1998); *Keenan v. Hall*, 83 F.3d 1083,

25  1092 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998); *Strandberg v. City of Helena*,

26  791 F.2d 744, 747 (9th Cir. 1986).  Moreover, any restriction on a prisoner's First Amendment

27  right to telephone access "'is valid if it is reasonably related to legitimate penological

28  interests.'"  *Valdez*,  302 F.3d at 1048 (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1986)).  The

2

**United States District Court**
For the Northern District of California

1   obvious, "reasonable" security risks of allowing plaintiff or any inmates to have a cell phone in

2   prison are that the phone could easily be taken or used by other inmates who are not authorized

3   to use it, and that the use of the phone could not be monitored for communications that present a

4   risk to the security of the prison and the prison population.  Accordingly, plaintiff's lack of

5   access to a typewriter or a cell phone in prison does not state a claim for the violation of his

6   constitutional rights.  Plaintiff has also filed a pleading on behalf of another inmate complaining

7   about that inmate's lack of medical care.  That inmate must file his own civil rights action;

8   plaintiff is not an attorney and may not represent another inmate.

9                                              **CONCLUSION**

10         For the reasons set out above, This case is **DISMISSED** for failure to state a cognizable

11  claim for relief.

12         The clerk shall enter judgment and close the file.

13         **IT IS SO ORDERED.**

14  Dated: January ___31___, 2012.

15                                              WILLIAM ALSUP
                                               UNITED STATES DISTRICT JUDGE

28  G:\PRO-SE\WHA\CR.12\OVERTON0180.DSM.wpd