IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL L. OVERTON,                    No. C 12-0180 WHA (PR)

    Plaintiff,                              **ORDER OF DISMISSAL**

  v.

WARDEN, C.M.C,

    Defendant.

                                 /

**INTRODUCTION**

Plaintiff, a California prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. 1983. For the reasons discussed below, the complaint is **DISMISSED** for failure to state a cognizable claim for relief.

**ANALYSIS**

**A. STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

(9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

In his complaint, Plaintiff asks for a typewriter and a cell phone in his cell. There is no constitutional right to the use of a typewriter, however. *Lindquist v. Idaho State Bd. of Corrections*, 776 F.2d 851, 858 (9th Cir. 1985). There is also no constitutional right to have a cell phone. While prisoners have a First Amendment right to communicate with persons outside prison walls, access to a telephone, which plaintiff indicates he has, is a sufficient means of honoring that right. *See Valdez v. Rosenbaum*, 302 F.3d 1039, 1048 (9th Cir. 2002); *see also Halvorsen v. Baird*, 146 F.3d 680, 689 (9th Cir. 1998); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998); *Strandberg v. City of Helena*, 791 F.2d 744, 747 (9th Cir. 1986). Moreover, any restriction on a prisoner's First Amendment right to telephone access "'is valid if it is reasonably related to legitimate penological interests.'" *Valdez*, 302 F.3d at 1048 (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1986)). The

obvious, "reasonable" security risks of allowing plaintiff or any inmates to have a cell phone in prison are that the phone could easily be taken or used by other inmates who are not authorized to use it, and that the use of the phone could not be monitored for communications that present a risk to the security of the prison and the prison population.  Accordingly, plaintiff's lack of access to a typewriter or a cell phone in prison does not state a claim for the violation of his constitutional rights.  Plaintiff has also filed a pleading on behalf of another inmate complaining about that inmate's lack of medical care.  That inmate must file his own civil rights action; plaintiff is not an attorney and may not represent another inmate.

## CONCLUSION

For the reasons set out above, This case is **DISMISSED** for failure to state a cognizable claim for relief.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: January   31  , 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.12\OVERTON0180.DSM.wpd